# EXHIBIT 1

WJS/mls  
A191/74-149

IN THE CIRCUIT COURT OF THE 17TH  
JUDICIAL CIRCUIT IN AND FOR  
BROWARD COUNTY, FLORIDA

CASE NO.:

INTEGRITY PDL SERVICES, LLC,

    Plaintiff,

vs.

ZALA GROUP, LLC, D/B/A  
ZALA GROUP LIMITED,

    Defendant.  
_____/

## COMPLAINT

Plaintiff, Integrity PDL Services, LLC ("Integrity PDL"), by and through undersigned counsel, states the following in support of its Complaint against Defendant Zala Group, LLC d/b/a Zala Group Limited:

1. Plaintiff is a company organized under the laws of Nevis as a limited liability company.

2. Based upon information and belief, Defendant Zala Group, LLC d/b/a Zala Group Limited ("Zala") is a limited liability company organized under the laws of the State of Florida. Zala's headquarters are in Broward County according to the Florida Department of State, Division of Corporations.

3. This Court has jurisdiction over this action pursuant to Florida Statute § 48.193. Venue is proper pursuant to Florida Statute § 47.011.

4. Defendant agreed to provide payment processing services to Plaintiff and provided some limited payment processing services from January 6 to January 9, 2014.

5. On or about January 13, 2014, Plaintiff entered into an "ACH Processing Services Agreement" ("Agreement") with Defendant Zala and signed by Gilbert Armenta.

{00310764.1}                                        1

6. The Agreement required Zala to provide Plaintiff with, among other things, payment services in support of processing of electronic credits and debits with Plaintiff's customers via either Automated Clearing House of the Federal Reserve or check drafts ("Processing Services"). The Agreement also contains a strict confidentiality clause whereby attaching it to this Complaint would be a violation.

7. Plaintiff provided and transferred to Zala $2,000 in set-up fees, $20,000 in debit account reserves and $37,500 in credit account reserves pursuant to the Agreement, all in reliance on Defendant's representations. Defendant continues to hold those funds at the time this action was filed.

8. Zala processed credit transactions and thereby held funds on behalf of Integrity PDL for which it did not pay Integrity PDL the amount it is due. Zala holds and continues to improperly withhold funds in the amount of $11,633 through the time this action was filed. Defendant has been unjustly enriched with Plaintiff's funds.

9. The Agreement, which created a confidential relationship, requires Defendant to refund Plaintiff the funds in the deposit and the reserve accounts maintained or purportedly maintained by Defendant, as well as any other funds held by Defendant on behalf of or for the benefit of Plaintiff.

## COUNT I - Breach of Contract

10. Plaintiff incorporates by reference the preceding paragraphs of its Complaint as though fully set forth herein.

11. Plaintiff has at all times performed all the stipulations, conditions, and agreements stated in the aforementioned Agreement to be performed by Plaintiff, and it has done so in the manner specified by the aforementioned Agreement.

12. Defendant has failed and refused, and still fails and refuses, to perform its obligations under the aforementioned Agreement, including, without limitation, failing to provide payment services

under the Agreement and improperly retaining the aforementioned funds despite Plaintiff's repeated requests for Defendant to properly return or provide such funds to the Plaintiff.

13. Defendant's breach of the aforementioned Agreement is a material breach that goes to the essence of the Agreement.

WHEREFORE, Plaintiff demands a judgment for damages, lost profits, interest, prejudgment interest, costs and attorneys' fees and any other and further relief as this Court might deem just and proper.

### COUNT II – Negligent Misrepresentation

14. Plaintiff incorporates by reference paragraphs 1 through 9 of its Complaint as though fully set forth herein.

15. On or about December 2013, Defendant, through its consultant, negligently misrepresented to Plaintiff that it was ready, willing and able to perform the subject payment services and all of its obligations under the aforementioned Agreement.

16. Defendant also represented that it would properly reimburse Plaintiff the aforementioned funds under the terms of the Agreement.

17. The aforementioned representations related to material facts.

18. Defendant knew or should have known of the falsity of the subject representations at the time it made these representations to Plaintiff.

19. Defendant intended to induce Plaintiff to act upon the subject false representations.

20. Plaintiff justifiably relied upon the false representations for reasons including, without limitation, Defendant held itself out as a specialist in the payment services industry that would act as fiduciaries with respect to Plaintiff's funds and handle the same properly.

21. As a result of the misrepresentations, Plaintiff is entitled to rescind its Agreement with Defendant.

{00310764.1 }

3

22.   Plaintiff has sustained damages and it has become necessary for Plaintiff to incur attorney's fees, both of which were directly and proximately caused by Defendant's misrepresentations.

WHEREFORE, Plaintiff demands a judgment for damages, rescission, lost profits, interest, prejudgment interest, costs and attorneys' fees and any other and further relief as this Court might deem just and proper.

### COUNT III – Accounting

23.   Plaintiff incorporates by reference paragraphs 1 through 9 of its Complaint as though fully set forth herein.

24.   Plaintiff paid the aforementioned funds to Defendant and Defendant obtained certain funds from third parties held on behalf of and for benefit of Plaintiff.

25.   Defendant has refused to properly provide the aforementioned funds to Plaintiff despite its repeated and proper demands for those funds pursuant to the Agreement and applicable law.

26.   As a result, Plaintiff is entitled to an accounting of the aforementioned funds and the accounts into which those funds were deposited or transferred.

WHEREFORE, Plaintiff requests this Court enter an Order requiring an accounting of the aforementioned funds and for such other relief that is just, proper and equitable.

### COUNT IV – Breach of Fiduciary Duty

27.   Plaintiff incorporates by reference paragraphs 1 through 9 of its Complaint as though fully set forth herein.

28.   Defendant agreed to provide payment services to Plaintiff. Plaintiff paid the aforementioned funds to Defendant. Defendant obtained certain funds from third parties held on behalf of and for benefit of Plaintiff.

29.   Plaintiff justifiably relied on Defendant to properly perform the payment services at issue, as well as hold and then pay the subject funds to Plaintiff.

30. Defendant owed Plaintiff a fiduciary duty under applicable law as a result of Defendant agreeing to perform the payment services and holding the aforementioned funds on behalf of and for the benefit of Plaintiff.

31. Defendant has breached its fiduciary duty to Plaintiff by failing to provide the payments services and improperly refusing to provide the aforementioned funds to Plaintiff despite Plaintiff's repeated and proper demands for those funds.

32. Plaintiff has been damaged by Defendant's breach of fiduciary duty and retention of the subject funds of which Plaintiff is the rightful owner.

33. Defendant's breach of its fiduciary duty is the direct and proximate cause of the damages sustained by Plaintiff.

34. Plaintiff is entitled to equitable relief to address Defendant's breach of its fiduciary duty, including, without limitation, imposition of a constructive trust with respect to the aforementioned funds and the accounts into which those funds were deposited and transferred.

WHEREFORE, Plaintiff demands a judgment for damages, lost profits, imposition of a constructive trust regarding the subject funds, interest, prejudgment interest, costs and attorneys' fees and any other and further relief as this Court might deem just and proper.

## COUNT V – Unjust Enrichment and Action to Disgorge

35. Plaintiff incorporates by reference paragraphs 1 through 9 of its Complaint as though fully set forth herein.

36. Defendant conferred a benefit on Plaintiff by providing the aforementioned funds and entering into a fiduciary relationship whereby Defendant had the right to, without limitation, obtain and hold funds from third parties for the benefit and on behalf of Plaintiff.

37. At all relevant times, Defendant had knowledge of the aforementioned benefits.

38. Defendant's wrongful conduct including, without limitation, refusal to pay the subject funds to Plaintiff is such that it is inequitable for Defendant to retain the benefit without paying the value of those funds to Plaintiff.

WHEREFORE, Plaintiff demands a judgment for compensatory damages, rescission, lost profits, interest, prejudgment interest, costs and attorneys' fees, imposition of a constructive trust regarding the subject funds and any other and further relief as this Court might deem just and proper.

### COUNT VI - Conversion

39. Plaintiff incorporates by reference paragraphs 1 through 9 of its Complaint as though fully set forth herein.

40. Plaintiff is the rightful owner of the subject funds held by Defendant.

41. Defendant has and continues to refuse to provide the subject funds to Plaintiff despite its repeated and proper request for such funds and, as a result, Defendant has wrongfully deprived Plaintiff of its right to the subject funds.

42. Defendant's refusal to provide the subject funds to Plaintiff is the direct and proximate cause of the damages sustained by Plaintiff.

WHEREFORE, Plaintiff demands a judgment for compensatory damages, interest, prejudgment interest, costs and attorneys' fees and any other and further relief as this Court might deem just and proper.

### COUNT VII – Civil Theft

43. Plaintiff incorporates by reference paragraphs 1 through 9 of its Complaint as though fully set forth herein.

44. Plaintiff sues Defendant for Civil Theft pursuant to Fla. Stat. § 772.11.

45. Defendant committed theft by knowingly misappropriating, obtaining, and retaining no less than $11,633 of Plaintiff's money with the intent to either temporarily or permanently (1) deprive

{00310764.1}

6

Integrity PDL of the right to possession of or to benefit from the at least $11,633; or (2) misappropriate the no less than $11,633 for Defendant's own use or to the use of other not entitled to the money.

46. Defendant's theft was committed with felonious intent.

47. Prior to filing this Civil Theft claim against Defendant, Integrity PDL made written demand to Defendant pursuant to Fla. Stat. § 772.11(1) but Defendant has refused to return the subject money. The demand letter is attached as Exhibit A.

48. Pursuant to Fla. Stat. § 772.11(1), Integrity PDL is entitled to recover treble damages from Defendant based on Defendant's violation of Florida's criminal theft statutes.

49. Accordingly, Integrity PDL is entitled to recover no less than $34,899 from Defendant.

50. Further, pursuant to Fla. Stat. § 772.11(1), Integrity PDL is entitled to recover its reasonable attorney's fees and court costs incurred in connection with this action.

WHEREFORE, Plaintiff demands a judgment for actual and compensatory damages, interest, prejudgment interest, costs and attorneys' fees and any other and further relief as this Court might deem just and proper.

Dated: March 19, 2015.

        KELLER LANDSBERG PA
        Counsel for Plaintiff
        Broward Financial Centre, Suite 1400
        500 East Broward Boulevard
        Fort Lauderdale, FL 33394
        Telephone: (954) 761-3550
        Facsimile: (954) 525-2134
        Primary: wendy.stein@kellerlandsberg.com
        Second: marie.sanchez@kellerlandsberg.com

By: _____
        Wendy J. Stein
        Fla. Bar No.: 389552

# EXHIBIT A



October 7, 2014

*Via Hand Delivery*
*and Email: garmenta@zala-group.com & dcook@zala-group.com*

Mr. Gilbert Armenta
Ms. Diane Cook
Zala Group
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301

    Re: **Civil Theft Notice Sent Pursuant To Section 772.11, Florida Statutes**
       Integrity PDL Services LLC - ACH Processing Services Agreement

Dear Mr. Armenta and Ms. Cook:

    We represent Integrity PDL Services LLC ("Company"). This letter is sent pursuant to Section 772.11, Florida Statutes, based on Zala Group, LLC's ("Zala") violation of Florida's criminal statutes, including but not limited to Section 812.014, Florida Statutes, entitled "Theft." As you know, Zala entered into an ACH Processing Services Agreement ("Agreement") with the Company and provided payment processing services to the Company from January 6 through 9, 2014. Zala has refused to provide the Company with funds to which it is entitled of at least $31,633 and that are in the possession, custody and/or under the control of Zala as a result of the Agreement and the subject payment processing services rendered by Zala.

    The Company renews its demand for the aforementioned funds. Specifically, this demand is made based on Zala's theft of $31,633[1] entrusted to Zala and that it held in trust for the benefit of the Company in conjunction with the payment processing services rendered by Zala from January 6 through 9, 2014, as well as any other funds in the possession, custody and/or under control of Zala for which the Company is the rightful owner. Based on the foregoing, demand is hereby made, pursuant to Section 772.11, Florida Statutes, for treble damages, which totals $94,899. If you do not comply with the terms of this letter by delivering $94,899 to the Company, within thirty (30) days of your receipt of this letter, the Company will pursue a Civil Theft claim against you seeking treble damages, attorneys' fees and costs.

---

[1] This amount is calculated as follows. On or about January 6 through 9, 2014, Zala provided payment processing services to the Company and in conjunction with those services Zala has in its possession, custody and/or under its control reserve funds in the amount of $20,000, and processing funds in the amount of $11,633, as well as any other funds held by Zala for which the Company is the rightful owner.

{00295191.1}

Broward Financial Centre, 500 E. Broward Boulevard, Suite 1400, Fort Lauderdale, FL 33394
P: 954.761.3550 | F: 954.525.2134 | www.kellerlandsberg.com

101361271 v.1

October 7, 2014
Page 2

**GOVERN YOURSELF ACCORDINGLY.**

Sincerely,

*Wendy J. Stein*

WJS